**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELIJAH RAINEY,

    Plaintiff,

v.                                                                       CASE NO. 3:08-cv-728-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This matter is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #19, Petition). Plaintiff's counsel, Erik W. Berger, seeks an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #19-1). In this instance, Plaintiff's counsel requests that the Court award him $14,626.63 in fees pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent of the Plaintiff's past due benefits (Doc. #19 at 2). Plaintiff's counsel represents Defendant's counsel has no objection to the amount sought in the petition. *Id* at 5.

To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefit awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such

arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (*quoting Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

Further, an attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, Plaintiff counsel intends to refund Plaintiff the awarded EAJA fee in the amount of $2,983.12 (Doc. #19 at 5).

Having reviewed the record, the Court finds the requested fee to be reasonable. To illustrate, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent of the past-due benefit awarded. The amount sought by counsel in the instant motion for work in federal court is $14,626.63, an amount not in excess of twenty-five

percent of the past-due benefits awarded.[1]  Counsel spent 18.5 hours representing Plaintiff in federal court  (Doc. #19, at 2), which equates to $629.37 per hour after reimbursement of the EAJA award (Doc. #19 at 4).  The instant motion indicates counsel's normal hourly fee for non-contingent services is $250 per hour.  *Id.*  The Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within the district, and multipliers for the contingency fee nature of these cases range up to 2.5 times the normal rate.  This sum is not so large as to result in a windfall for Plaintiff's counsel.

The Court's review of this case under the factors referenced in *Gisbrecht* reveals the following:

1. Social Security is one of the primary areas of counsel's law practice.
2. After an unfavorable ALJ and Appeals Counsel decision counsel began representing Plaintiff and wrote a memorandum to this Court in support of his client's position. The memorandum was ultimately persuasive to the requested sentence four remand.
3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, the time line of events in this case suggest no unreasonable delays occurred.
4. Counsel reportedly spent 18.5 hours working on the case, an amount of time the Court finds reasonable based on the complexity of the case.

---

[1] Plaintiff's counsel is requesting $14,626.63, which is $5,000 less than the total amount of past due benefits withheld.

5. Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is in line with the established baseline figure of $250 per hour for Social Security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of Social Security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a fee award for federal court representation of $625 per hour. After reimbursement of EAJA fees, Plaintiff's counsel is requesting a similar amount of $629.37 per hour for time spent pursuing the matter in federal court.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Uncontested Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. # 19) is **GRANTED**.

2. The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $14,626.63 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court.

3. Any remainder of the escrowed past-due benefits shall be paid to Plaintiff.

4. Plaintiff's counsel shall refund EAJA fees received to the Plaintiff in the amount of $2,983.12.

5. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this  8th  day of June, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge